The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELIIKAI CASTILLO,

Plaintiff,

v.

U.S. BANCORP ADVISORS, LLC, f/k/a UNIONBANC INVESTMENT SERVICES, LLC, a Delaware limited-liability company,

Defendants.

NO. 25-cv-1767-RSL

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Before the Court is Defendant's Motion to Dismiss First Amended Complaint, or, in the Alternative, to Stay Proceedings. Dkt. 11. Plaintiff opposes the motion. Dkt. 16. Having reviewed the parties' submissions, the record, and the relevant legal authority, the Court grants defendant's motion to dismiss with leave to amend for the reasons set forth below.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Keliikai Castillo is a licensed broker and investment advisor who began working for UnionBanc Investment Services, LLC ("UBIS") as a Senior Financial Advisor in April 2009. Over the course of approximately 14 years, Castillo developed a substantial book of business and ultimately managed more than $400 million in client assets. In December 2022, U.S. Bancorp acquired Union Bank and several of its subsidiaries, including UBIS. UBIS was subsequently renamed U.S. Bancorp Advisors, LLC ("USBA" or "defendant"). Castillo remained employed as a Senior Financial Advisor until July 2023, when defendant terminated his employment.

In July 2025, Castillo filed this action in King County Superior Court. His original complaint asserted claims arising from his employment and termination, including wrongful termination, age discrimination, wage-related claims, defamation, tortious interference with business expectancy, and claims for declaratory and injunctive relief. Defendant thereafter advised Castillo that, in its view, several of those claims were subject to mandatory arbitration before the Financial Industry Regulatory Authority ("FINRA"). Castillo subsequently elected to pursue those claims in arbitration and, on September 2, 2025, filed an amended complaint in state court limiting this action to statutory employment-discrimination claims.

The operative First Amended Complaint asserts two claims under the Washington Law Against Discrimination ("WLAD"). Castillo alleges that defendant unlawfully terminated him because of his age and separately because of his race and ethnicity. Dkt. 1-1 ¶¶ 31–47. Defendant removed the action to this Court on September 12, 2025, and thereafter moved to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). In the alternative, defendant seeks a stay pending resolution of the FINRA proceeding. Dkt. 11.

After filing the First Amended Complaint, Castillo commenced the contemplated FINRA arbitration. According to Castillo, that proceeding asserts claims for defamation, tortious interference, wage theft, wrongful termination, and declaratory relief relating to defendant's FINRA filing. The statutory age- and race/ethnicity-discrimination claims, however, remain before this Court and are the claims challenged by defendant's pending motion to dismiss.

## LEGAL STANDARD

To survive a motion under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but it requires more than facts that are merely consistent with liability or a sheer possibility that the defendant acted unlawfully. *Id*. Thus, although the Court accepts well-pleaded

factual allegations as true and draws reasonable inferences in plaintiff's favor, it need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. As this Court has previously explained, a complaint must be "factually suggestive," rather than merely "factually neutral," and must raise the right to relief above the speculative level. *Johnson v. Boeing Co.*, No. C17-0706RSL, 2017 WL 5458404, at *1 (W.D. Wash. Nov. 13, 2017) (quoting *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013)).

## DISCUSSION

Defendant moves to dismiss both of plaintiff's claims—the statutory age- and race/ethnicity-discrimination claims—on the ground that the amended complaint does not allege facts supporting a plausible inference that plaintiff's age, race, or ethnicity played a role in his termination. Plaintiff responds that the amended complaint must be considered as a whole and that much of the information relevant to discriminatory motive—including the ages, races, compensation, and treatment of other USBA employees—is within defendant's possession and cannot reasonably be known before discovery.[1]

---

[1]The Court has not considered Harold Rhee's declaration or its exhibits in determining whether the amended complaint states a claim because the contested factual assertions are outside the pleadings and unnecessary to resolution of the Rule 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

Plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss. *See Sheppard v. David Evans & Assocs*., 694 F.3d 1045, 1049–50 & n.2 (9th Cir. 2012). He must, however, allege sufficient facts to support a reasonable inference that the challenged employment action was taken because of his protected status. Under the WLAD, the protected characteristic need not be the sole reason for the employment decision, but it must be a substantial factor in that decision. *See Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty*., 189 Wn.2d 516, 527–28 (2017)

**A. The Age Discrimination Claim**

The amended complaint contains ample factual allegations concerning plaintiff's employment and the circumstances surrounding his termination. Plaintiff alleges that he was 41 years old, had worked for UBIS for approximately 14 years, had built a book of business exceeding $400 million, was one of UBIS's most highly compensated employees, consistently received excellent performance reviews, and was terminated following a three-month investigation into alleged "selling away."[2] Dkt. 1-1 ¶¶ 5, 7, 21–26, 32, 35–36. Plaintiff further alleges facts disputing defendant's stated justification for

---

[2] "Selling away" generally refers to a broker's participation in a securities transaction outside the regular course or scope of the broker's employment with a member firm without the firm's approval. The amended complaint alleges that defendant accused plaintiff of "selling away" based on his communications with clients concerning a potential real-estate investment. Dkt. 1-1 ¶¶ 12–20.

the termination: he did not receive compensation from any outside person, did not participate in a private securities transaction, warned his clients against the real-estate investment at issue, continued working normally throughout the investigation, and was never provided the policy he allegedly violated. *Id.* ¶¶ 12–25.

Those allegations, accepted as true, could support an inference that defendant's stated reason for terminating plaintiff was unfounded or contrived. But they do not themselves support a reasonable inference that plaintiff's age was a substantial factor in the termination decision. An allegation that an employer gave a false or unjustified reason for an adverse employment action does not, without more, plausibly establish that the employer acted because of a protected characteristic. *See Biruk v. Boeing Co.*, No. C25-0779JLR, 2025 WL 2637673, at *4–5 (W.D. Wash. Sept. 12, 2025) (concluding that allegations concerning false accusations and an allegedly unfair investigation did not state a discrimination claim absent facts connecting the challenged conduct to the plaintiff's national origin).

The amended complaint attempts to supply that connection through several additional allegations. Plaintiff alleges, upon information and belief, that after acquiring UBIS, U.S. Bank "sought to reduce compensation paid to legacy employees, primarily older employees," Dkt. 1-1 ¶ 27; that U.S. Bank sought to reduce wage expenses, *id.* ¶ 33; that U.S. Bank's "true purpose" in terminating plaintiff was his age, *id.* ¶ 37; that

plaintiff's clients were transferred to "younger employees who received less compensation," *id*. ¶ 38; and that defendant terminated other employees "on account of their age," *id*. ¶ 39.

Some of the foregoing allegations merely state the conclusion plaintiff ultimately must prove. For instance, the allegation that defendant's "true purpose" for terminating plaintiff was his age does not become a factual allegation merely because it is pleaded on information and belief. *See Johnson v. Boeing Co*., No. C17-0706RSL, 2017 WL 5458404, at *3 (W.D. Wash. Nov. 13, 2017). Likewise, the allegation that defendant terminated unidentified employees because of their age merely asserts discriminatory motive without alleging facts supporting that conclusion. In *Johnson*, this Court similarly rejected an age-discrimination claim where the plaintiff alleged no facts connecting the challenged employment action to age and instead relied on speculation regarding payroll costs and his compensation relative to unidentified employees. *Id*.

The allegation that defendant transferred plaintiff's clients to younger, lower-compensated advisors is more concrete because it purports to describe what occurred after plaintiff's termination. If adequately supported, it could provide circumstantial support for an inference of age discrimination. *See Sheppard*, 694 F.3d at 1049–50. But the allegation is pleaded solely on information and belief, and the amended complaint alleges no factual information supporting that belief. It does not, for example, identify

how many advisors allegedly received plaintiff's accounts or their positions, provide any approximate indication that they were substantially younger than plaintiff, identify any particular reassignment of which plaintiff is aware, or otherwise explain the factual basis for asserting that younger, lower-compensated employees received his clients.

The Court does not suggest that plaintiff must plead any one of those particular facts. Rather, the deficiency is that the amended complaint provides no factual basis from which to infer that its generalized assertions concerning younger employees and age-based terminations are grounded in events that actually occurred rather than speculation about what discovery may reveal. Pleading on information and belief is permissible "where the belief is based on factual information that makes the inference of culpability plausible." *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1161 (9th Cir. 2022) (*quoting Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)). In *Waln*, for example, the plaintiff's broader allegations on information and belief were adequately supported because she alleged a specific factual example consistent with those allegations. *Id*. Here, the amended complaint contains no comparable factual basis for its allegations concerning defendant's treatment of younger employees.

The remaining factual allegations do not fill that gap. Plaintiff's allegations that he was over 40, was highly compensated, and that U.S. Bank sought to reduce expenses may be consistent with an age-discrimination theory, but they do not make that theory

plausible without facts suggesting that defendant's cost-saving objective was connected to age. In *Johnson*, this Court rejected a similar attempt to infer age discrimination from an asserted effort to reduce payroll costs where the complaint did not allege facts connecting that financial objective to the plaintiff's age. 2017 WL 5458404, at *3. *See also Wharton v. Azenta Inc.*, No. 3:23-cv-05863-DGE, 2024 WL 1209736, at *3 (W.D. Wash. Mar. 21, 2024) (dismissing a WLAD age-discrimination claim where the complaint did not allege sufficient circumstances supporting an inference that the plaintiff's discharge was based on age).

Finally, plaintiff urges the Court to rely on "common sense" to infer that an acquiring corporation may seek to push out older employees to reduce costs. Judicial experience and common sense inform the Court's assessment of whether pleaded facts give rise to a plausible claim; they do not supply factual allegations that are missing from the complaint. Thus, even accepting plaintiff's allegations that defendant's stated justification for terminating him was false or pretextual, the amended complaint does not allege sufficient nonconclusory facts to support a reasonable inference that plaintiff's age was a substantial factor in the termination decision. The age-discrimination claim therefore fails to state a claim as presently pleaded.

**B. The Race and Ethnicity Claim**

Plaintiff's race- and ethnicity-discrimination claim suffers from the same basic deficiency. Plaintiff alleges that he is of Pacific Islander heritage, consistently received excellent performance reviews, and was terminated. Dkt. 1-1 ¶¶ 42, 45. He further alleges in the introduction to the amend complaint that, after the acquisition, he "did not fit in with the urban country club 'white' culture of upper management," *id*. at p. 2, and later alleges that U.S. Bank wanted its senior advisors to better reflect its "corporate image," which plaintiff did not, *id*. ¶ 28.

Those allegations identify plaintiff's theory of discrimination, but the amended complaint does not allege facts supporting its characterization of upper management as having a "white" culture or explain what defendant's alleged "corporate image" was. It identifies no race-related statement by a decisionmaker, no policy or practice reflecting racial preferences, no incident in which plaintiff or another employee was treated differently based on race, and no other factual circumstance connecting the asserted culture to plaintiff's termination.

The remaining allegations do not supply the missing factual connection. Plaintiff alleges, again upon information and belief, that U.S. Bank sought to reduce the number of employees who did not fit its corporate image, "which includes individuals of a certain race and ethnicity"; that UBIS had no other Pacific Islander brokers; and that defendant's

true purpose in terminating plaintiff was his race and ethnicity. *Id*. ¶¶ 43–44, 46. Even assuming plaintiff was the only Pacific Islander broker, that fact provides context regarding his protected status but, standing alone, does not support an inference that his race or ethnicity motivated his discharge. The remaining allegations simply assert discriminatory motive without alleging facts explaining why plaintiff believes defendant's corporate image was racially defined or why race or ethnicity played any role in the termination decision.

Again, the Court does not require plaintiff to know before discovery how defendant treated every employee of a different race or ethnicity or to identify a similarly situated comparator by name. But the complaint must allege some factual circumstance linking plaintiff's protected status to the challenged decision. *Biruk v. Boeing Co*. illustrates the distinction. There, the plaintiff alleged specific derogatory statements concerning his Ukrainian national origin and alleged that a coworker made false statements during the investigation preceding his discharge. Nevertheless, the complaint failed to state a discrimination claim because it did not allege facts linking the coworker's bias to the supervisors involved in the termination decision or showing that alleged misconduct in the investigation occurred because of the plaintiff's national origin. No. C25-0779JLR, 2025 WL 2637673, at *4–5 (W.D. Wash. Sept. 12, 2025). Here, the amended complaint alleges no comparable race- or ethnicity-related statement or incident

that could supply the missing connection to the termination decision. Accordingly, the amended complaint does not state a plausible claim that plaintiff's race or ethnicity was a substantial factor in defendant's decision to terminate him.[3]

**C. Leave to Amend**

Plaintiff requests leave to amend if the Court finds the amended complaint deficient. When a complaint is dismissed under Rule 12(b)(6), leave to amend should ordinarily be granted unless the Court determines that the pleading could not be cured by the allegation of additional facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). The Court cannot conclude at this stage that amendment would necessarily be futile. Any additional allegations, however, must be "consistent with the challenged pleading" and may not contradict plaintiff's prior allegations. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990).

If plaintiff elects to amend, he must allege facts, if they exist, that plausibly connect his termination to his age and/or race or ethnicity. Plaintiff need not plead any particular type of evidence, but he must allege sufficient factual matter to permit a reasonable inference that his protected status was a substantial factor in USBA's

[3] Because the Court grants defendant's motion to dismiss, it denies as moot defendant's alternative request to stay this action pending resolution of the FINRA arbitration proceedings.

decision. Conclusory assertions of discriminatory motive, even when pleaded on information and belief, are insufficient unless supported by factual allegations that make the asserted inference plausible.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss and DISMISSES the First Amended Complaint with leave to amend. Dkt. 11. Plaintiff may file a Second Amended Complaint within 21 days of the date of this Order. If plaintiff does not timely amend, the Court will dismiss this action without further leave to amend and enter judgment.

Defendant's alternative motion to stay this action pending resolution of the FINRA arbitration is DENIED as moot. Dkt. 11. The Motion to Continue Initial Disclosures and All Related Deadlines, Dkt. 23, and the Motion for Protective Order, Dkt. 28, are likewise DENIED as moot, without prejudice to renewal if appropriate following the filing of an amended complaint.

Dated this 14th day of August 2026.

Robert S. Lasnik
United States District Judge